**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

|  |  |
|---|---|
| Ladaysha Berrien,<br><br>Plaintiff,<br><br>v.<br><br>Horry Georgetown Technical College and Sheryl Lindquist,<br><br>Defendants. | CASE NO.:<br><br><br>**COMPLAINT**<br>**[Jury Trial Demanded]** |

**NATURE OF ACTION**

This is an action for relief from racial discrimination in violation of the S.C. Code Ann. §§ 1-13-90 (e) and/or 45-9-1120 and S.C. Code Ann. § 5-9-100, Public Accommodations S.C. Code Ann. § 45-9-10, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000a, Public Accommodations, 42 U.S.C. §12101, et.seq., The American With Disabilities Act (ADA), and Pub. L. 104-191, Health Insurance Portability and Accountability Act (HIPAA), and 42 U.S.C. Sec 1981 and Title VII of the Civil Rights Acts of 1964, as amended 42 USCS §§ 2000e et. seq. (Racial Discrimination).

1. Plaintiff, Ladaysha Berrien (Plaintiff) alleges that Defendant, Sheryl Lindquist (Defendant Lindquist) under the supervision and authority of Defendant Horry

1

Georgetown Technical College (Defendant HGTC), unlawfully discriminated against her on the basis of her race and violated her rights under the ADA and HIPAA.

2. Plaintiff seeks compensatory damages, punitive damages and reasonable attorney's fees and cost as remedies for Defendants' violation of her rights, pursuant to S.C. Code Ann. § 45-9-100 and 42 U.S. Code §1981(a)(1) Right of Recovery, Civil Rights.

## THE PARTIES

1. Plaintiff, resides at 409 Carolina Woods Drive, Myrtle Beach, South Carolina 29588, and is an African American female, 18 years of age (at the time of the incident), with a documented learning disability. Plaintiff was a first time, first semester freshman, matriculating at Horry Georgetown Technical College (Defendant), an institution of higher education.

2. Defendant Horry Georgetown Technical College (Hereinafter Defendant HGTC) is a two-year community/technical college that offers more than 70 associate degree, diploma, and certificate programs for students who are either seeking quick entry into the workforce or desiring to transfer to a senior institution to pursue a bachelor's degree. Defendant HGTC offers three convenient campus locations in South Carolina, including Myrtle Beach, Conway, and Georgetown. As a member of the South Carolina Technical College System, Defendant HGTC is a public, two-year technical college, enrolling 7,750 to 9,500 college-credit-curriculum students (fall head count) and providing continuing-education programs for 8,000 to 10,000 participants per year. Defendant

3. Upon information and belief, Defendant Lindquist is a resident and citizen of the State of South Carolina and was at the time of the incident an employee, English professor, at the Defendant HGTC. That under the doctrine of respondent superior, Defendant HGTC is liable for the behavior and actions of its employees, which in this matter, involves Defendant Lindquist.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C.

§ 1331, as this case involves questions of federal law.

5. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

6. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed charges of discrimination with the South Carolina Affairs Commission who issued Plaintiff a Notices of Right to Sue on July 1, 2021.

8. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FACTUAL ALLEGATIONS

9. At all times material to this action, Plaintiff was a first semester, first time freshman at Defendant Horry Georgetown Technical College and a student in Defendant Sheryl Lindquist's English class.

10. That the Defendant HGTC's Office of Accessibility and Disability Services provides accommodations and support services to students with documented disabilities covered under the Americans with Disabilities Act (ADA) and §504 of the Rehabilitation Act of 1973.

11. That Plaintiff self-identified and provided documentation of her learning disability to the Defendant HGTC's Office of Accessibility and Disability Services. All Defendant HGTC

faculty are provided the confidential information of students who are enrolled in their respective classes.

12.     That at the time Plaintiff was enrolled in Defendant Sheryl Lindquist's English class, the Defendant HGTC suspended all face-to-face contact due to the COVID-19 pandemic, providing all learning in a virtual format.

13.     Plaintiff contacted Defendant Sheryl Lindquist multiple times requesting assistance with an assignment. Defendant Sheryl Lindquist referred Plaintiff to the Defendant HGTC's Program for Accelerated College Enrollment (PACE) program.[1]

14.     The information provided by Defendant Sheryl Lindquist further confused Plaintiff. Plaintiff's mother, Lisa Myers emailed Defendant Sheryl Lindquist for clarification for Plaintiff to assist Plaintiff in receiving the assistance Plaintiff needed and was entitled to complete her coursework.

15.     Defendant Lindquist became annoyed with the Plaintiff because the Plaintiff continued not to understand the assignment and how to complete the assignment.

16.     On or about September 22, 2020, Plaintiff received a text message from Defendant Lindquist, that Defendant Lindquist subsequently admitted to Plaintiff that Defendant Lindquist intended the text to be a personal text message to a friend/colleague. The text message stated "This black, NY girl is giving me fits has her mother involved. The mother sent me the girl's documents for her LD: last year she had 5th grade reading and comprehension. WHY would not this "bitch" just go collect her disability check and leave me alone? This is going to blow up yet and I catch the shrapnel."

17.     That the text from Defendant Lindquist intended to be sent to her friend/colleague, violated confidential information related to Plaintiff's learning disability.

18.     Plaintiff was devastated and immediately sent the text to her mother (Lisa Meyers).

19.     Immediately after receiving the text message from Plaintiff on September 22, 2020,

---

[1] The PACE program office houses the Defendant HGTC's testing center. The Testing Center provides services for students to complete make-up tests for an in-person class or to complete an online course exam.

Ms. Meyers contacted Defendant HGTC to report the incident.

20. On or about September 22, 2020, at 11:20 am, Ms. Meyers received an email from Defendant Lindquist which states, "Ms. Myers, once again, I want to apologize for my bad and hurtful behavior. I know that my words come at a time when America is coming to grips with racism and truly bad behavior, in general….."

21. That Defendant Lindquist' text was not only racist but violated Plaintiff's personal information relating to Plaintiff's learning disability, protected by the Health Insurance Portability and Accountability Act (HIPPA).

22. On or about September 23, 2020, a meeting to provide detailed information about the September 22, 2020, incident, was held in the conference room of Dr. Fore, President, Defendant Horry Georgetown Technical College. Those present were, Dr. Marilyn M. Fore, President, Dr. Jennifer Wilbanks, Executive Vice President for Academics, Jacquelyne Snyder, Vice President, Human Resources and Employee Relations, Ms. Lisa Meyers, counsel for Plaintiff, Harriet H. Lampkin, Esq. Dr. Fernaundra Ferguson, Lampkin Law Firm and Charles J. Boykin, Esq. Attorney for the Defendant, joined via telephone.

23. Dr. Fore stated that she was sorry for the alleged actions of Defendant Sheryl Lindquist, and that Defendant Horry Georgetown Technical College had zero tolerance for the alleged behavior. Further, Dr. Fore stated that she needed time to investigate the incident.

24. Attorney Boykin requested another meeting and that the Plaintiff be present.

25. On September 29, 2020, the meeting with the Plaintiff was held in the conference room of Dr. Fore, President, Horry Georgetown Technical College. Those present were, Dr. Marilyn M. Fore, President, Dr. Jennifer Wilbanks, Executive Vice President for Academics, Jacquelyne Snyder, Vice President, Human Resources and Employee Relations, Ms. Lisa Meyers, counsel for Plaintiff, Harriet H. Lampkin, Esq. Dr. Fernaundra Ferguson, Lampkin Law Firm and

Charles J. Boykin, Esq. Attorney for the Defendant.

26.     That the Defendant HGTC by way of Dr. Fore expressed an apology on behalf of the Defendant HGTC and stated the institution's no tolerance policy.

27.     Dr. Fore offered the Plaintiff a scholarship to continue her education at Defendant HGTC.

28.     Plaintiff stated that she did not feel comfortable continuing her education at Defendant HGTC because she is traumatized from what was said about her in Defendant Lindquist's email. Plaintiff stated she is embarrassed that her disability has been shared with someone who does not have the right to or need to know.

29.     Dr. Wilbanks, VP for Academic Affairs stated that Defendant HGTC would withdraw Plaintiff from her classes and from HGTC. The withdrawal would show as if she had not attended Defendant HGTC, so that the withdrawal would not have a negative effect on her financial aid and future education endeavors.[2]

30.     That the Plaintiff was reimbursed the full tuition and fees paid.

31.     That there was no agreement between the parties for compensation for Plaintiff's furthering her education and the psychological trauma caused by the actions of Defendant Lindquist, employee of the Defendant HGTC.

32.     That Plaintiff sent a Demand Letter to the Defendant HGTC, dated October 14, 2020, asking to negotiate; (1) a fair and reasonable settlement, to include fees for emotional therapy, (2) tuition to attend an institution of higher education of her choice, and (3) attorney's

---

[2] After a student has completed (does not have to successfully complete) 180 credit hours, the student is no longer eligible for a Pell Grant.

The Defendant HGTC assumed that Mr. Berrien was receiving financial aid, which was an assumption because Ms. Berrien's tuition and fees were paid by her mother Ms. Lisa Myers.

cost and fees.

33. Defendant responded on or about October 15, 2020, that the College simply could not commit to a process due to the ongoing investigation.

34. Plaintiff filed a 90(e) (Non-employment Initial Inquiry Questionnaire) complaint with the South Carolina Human Rights Affairs Commission (SCHAC), October 20, 2020 against the Defendant.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

S.C. Code Ann. §§ 45-9-10 and 45-9-20, Public Accommodations and, Title VII 42 U.S.C. § 2000a, Public Accommodations.

35. Plaintiff incorporates by reference as if fully set forth herein allegations contained in paragraphs 1 through 34, above.

36. S.C. Code Ann. §§ 45-9-10 and 45-9-20, Public Accommodations and, Title VII 42 U.S.C. § 2000a, Public Accommodations, prohibits discriminatory practices in public accommodations against persons based on their race. Plaintiff believes that Defendant Lindquist, Defendant HGTC's employee, did violate her right to matriculate without bias because of her race, in the following particulars to wit:

    a. Refusing to assist Plaintiff in her efforts to understand the English assignments given online;

    b. Referring to Plaintiff as a "black, NY girl" who needs to leave her alone and go collect a disability check;

    c. Refusing to accommodation Plaintiff's educational needs based on her learning disability; and

    d. Degrading and insulting Plaintiff based on her educational challenges.

37. Plaintiff seeks relief for fee and cost for therapy for emotional distress and

38. Tuition to attend an institution of higher education of her choice.

## SECOND CLAIM FOR RELIEF

42 U.S.C. §12101, et.seq., The American with Disabilities Act, and Pub. L. 104-191

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 38, above.

40. 42 U.S.C. §12101, et.seq., The ADA, prohibits discrimination of any person with a disability as described in the ADA.

41. Pub. L. 104-191 protects the privacy of an individual's health records/information. Plaintiff believes that Defendant Lindquist, Defendant HGTC's employee, did violate her right to the privacy of her learning disability by sharing the information to a friend and colleague.

42. Plaintiff seeks relief to include fees for therapy for emotional distress and

43. Tuition to attend an institution of higher education of her choice.

## THIRD CLAIM FOR RELIEF
## (RACIAL DISCRIMINATION)

44. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 43, above.

45. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was discriminated against based on her race, color, or national origin in violation of 42 U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et. seq.), and the South Carolina Human Affairs Law.

46. Plaintiff asserts that Defendant Lindquist's refusal to accommodate her educational learning disabilities, and assist her with online assignments and/or allow for extensions of time for

completion of such, was discrimination against her based on her race, color, or national origin, as she was not treated the same as her other constituents.

47.     Defendant Lindquist was wanton, reckless, and intentional in the discrimination of the Plaintiff in the following particulars to wit:

  a.     Refusing to assist Plaintiff with educational needs as a result of mandatory online classes;

  b.     Sending Plaintiff a text message, intending to be sent to a personal friend, that describes Plaintiff as a "black, NY girl" with a LD (learning disability) whose reading level was on a 5th grade level last year; and further stating Plaintiff is a "bitch" who needs to go collect her disability check and leave Defendant alone; and

  c.     Sending Plaintiff an email following the text message, admittedly apologizing for her racial discrimination and insensitivity to Plaintiff's circumstances.

48.     That in failing to protect Plaintiff from racial discrimination and preferential treatment, Defendant Lindquist and Defendant HGTC acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec 1981 and Title VII of the Civil Rights Acts of 1964, as amended (42 USCS §§ 2000e et seq.), and the South Carolina Human Affairs Law.

49.     Defendant Lindquist and Defendant HGTC violated under 42 U.S.C. Sec 1981 and Title VII of the Civil Rights Acts of 1964, as amended (42 USCS §§ 2000e et seq.), and the South Carolina Human Affairs Law by allowing the racial discrimination to exist in the environment of higher education and the school system.

50.     As a direct and proximate result of Defendants' discrimination on the basis of race, color, national origin, Plaintiff has suffered substantial damages for pecuniary losses,

embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of the racial discrimination alleged above.

## FOURTH CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

52. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 51, above.

53. In 1981, the Supreme Court of South Carolina established that one's willful conduct causing another's emotional distress from personal injuries is actionable (Ford v. Hutson, 276 S.E.2d 776 (S.C. 1981)).

54. Defendant Lindquist's intentional, extreme and outrageous behavior of sending a volatile text message, directly to a student's phone who was the subject of such foul, disrespectful, and offensive language, caused Plaintiff emotional and physical harm to include stress, anxiety, nightmares, and extreme embarrassment.

55. The violation of Plaintiff's HIPAA rights regarding the disclosure of her learning disabilities and capabilities caused further emotional harm to Plaintiff, as a result of Defendant Lindquist's intentional actions.

56. Defendant's sad actions and inactions resulting in Plaintiff's temporary suffering and violations of Plaintiff's ADA and HIPAA rights by law, constitute intentional infliction of emotional distress, which no reasonable health conscious person of the community, would or should endure.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which she has a right to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Judgment in favor of the Plaintiff and against the Defendants for all causes of actions in an amount which is fair, just and reasonable;

2. Any and all fees to cover the cost of therapy for emotional distress;

3. Any and all fees to cover the cost to attend an institution of higher education of her choice;

4. Judgment in favor of the Plaintiff and against the Defendant for pain and suffering, embarrassment and humiliation and emotional distress in an amount to be determined by the trier of fact;

5. Prejudgment interest, Attorney fees and costs as may be allowed by law; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

Dated this 27th day of September, 2021.

Respectfully submitted,

LAMPKIN LAW FIRM, LLC

/s/ Harriet Huell Lampkin

_____

Harriet Huell Lampkin, Esq.
Federal Bar No.: 13060
P.O. Box 843
Blythewood, SC 29016
Tel: 803-920-1003
Fax: 803-470-3628
E-Mail: harriet@lampkinlawfirm.com
*Attorney for Plaintiff*

12